# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | | |
|---|---|---|
| KEVIN DAVIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION No. 4:19-cv-176-O |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

This case is before the Court for review of pro-se plaintiff Kevin Davis's ("Davis") claims under the Federal Tort Claims Act (FTCA) against the United States of America ("USA"). Now pending is the motion for summary judgment of defendant USA, along with a brief in support and an appendix. USA Mot. for Summ J, ECF No. 25; USA Brief, ECF No. 26; USA App., ECF No. 27. Plaintiff Davis did not file any response nor did he seek an extension to file any response. After review and consideration of the summary judgment motion, the pleadings, the record, and the applicable law, the Court concludes that the USA is entitled to summary judgment on all claims asserted by Davis.

**I.   BACKGROUND and PLAINTIFF'S COMPLAINT**

At the time he filed this suit, Plaintiff Davis was an inmate housed at the Bureau of Prisons' ("BOP") FMC-Fort Worth facility. He has recently filed a Notice of Change of Address listing a Residential Re-entry facility address in Cincinnati, Ohio.[1] Davis writes that he was first diagnosed with Crohn's disease in 2013. Complaint 3, ECF No. 1. He reports that while he was housed at FCI-Beckley his condition required a blood transfusion he alleges resulted from a failure to timely treat his condition. *Id.* at 3. Davis was then transferred to FCI-Elkton, where he alleges the failure to properly treat his Crohn's disease resulted in him suffering a "C-Diffcle infection." *Id.*

---

[1] See www.bop.gov (inmate Kevin Davis, Register Number 70806-061) last visited April 13, 2020.

Davis contends that since he had not been treated properly, he was then transferred to FMC-Lexington. Davis reports that at that facility, he was required to undergo a surgery procedure known as an Ileostomy, in which a part of his small intestine was removed. *Id*. As a result of the surgery, Davis was required to wear a colostomy bag for a period of time. *Id.*

Davis was then transferred to FPC-Terre Haute, and he complains that a physician at that facility took away his bottom bunk pass, causing him constant "issues" and a "lot of pain and anguish." *Id*. at 4. Between October 2017 and February 2018, Davis reports that he had to undergo three different treatments of an infusion of Remicade, ordered by a gastroenterologist. *Id.*

Later in 2018, Davis was transferred into FMC-Fort Worth to be hospitalized for his Crohn's disease. *Id*. at 4. Davis writes that at John Peter Smith Hospital in Fort Worth, doctors ordered that he be continued on Remicade, started on a medication called Lialda, and provided a low fiber diet. *Id*. at 5. Davis claims this was never done. *Id.*

Davis alleges that on his return to the FMC-Fort Worth facility, Dr. Charles Eilert refused to provide him a medical pass. *Id*. He also reports that his Remicade treatments were not provided in a timely manner, and that he had to "fight with the medical department in order to get his required infusion." *Id.* at 6. Davis reports that in July 2018, he had to report to the medical department with vomiting and severe fatigue that continued for two days. *Id.* Davis next complains that in August 2018, while he was in a visitation area with family, the staff refused to allow him to use the restroom within the visiting room. *Id*. at 6. He alleges this caused him a "severe amount of distress and pain." *Id.*

Davis writes the following summary towards the end of his factual chronology:

When Crohn's disease is not properly treated it causes the Plaintiff a extreme amount of pain, discomfort, and mental anguish. The disease causes the Plaintiff abdominal pain, bloody diarrhea, anorexia, weight loss, lethargy, malaise and anemia. Due to improper, and delayed, treatment the Plaintiff has already had to endure two hospital stays, a surgery to remove part of his intestines, and numerous infusions. All of which

is painful, affects the Plaintiff's daily living and quality of life.

*Id*. at 6-7.

Davis complains and alleges that the BOP medical staff committed medical negligence by not providing the proper medication regiment to treat his Crohn's disease and related conditions. *Id.* at 7. He seeks monetary damages under the FTCA.

## II. SUMMARY JUDGMENT EVIDENCE

As noted, the USA filed an appendix in support of the motion for summary judgment that includes a total of 220 pages of records. ECF No. 27 and 27-1. In particular, the appendix includes the January 9, 2020 Declaration of BOP Assistant Health Services Administrator Stephanie Long with 210 pages of copies of Davis's medical records (ECF No. 27-1, 6-216), and copies of Davis's Computation and Designation records (ECF No. 27-1, 217-220). Davis declared his complaint in this matter to be "true and correct" and made "under penalty of perjury." Complaint 9, ECF No. 1. Under controlling circuit authority, this Court must consider the complaint as competent summary-judgment evidence in resolving the summary judgment motion. *See Barnes v. Johnson*, 204 F. App'x 377, 378 (5th Cir. 2006) (citing *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) (a plaintiff's verified complaint may serve as competent summary judgment evidence); *see also Hart v. Hairston*, 343 F.3d 762, 765 (5th Cir. 2003) (citing *Huckabay v. Moore*, 142 F.3d 233, 240 n. 6 (5th Cir. 1998); *see generally Nissho-Iwai American Corp. v. Kline*, 845 F.2d 1300, 1306 (5th Cir. 1989) (noting that the statutory exception in 28 U.S.C. § 1746 permits unsworn declarations to substitute for an affidavit if made "under penalty of perjury" and verified as "true and correct").

The USA has presented a lengthy history related to what Davis's medical records in the USA Appendix reveal regarding the medical care provided to him during the relevant time periods made the basis of the complaint. USA Brief 6–12, ECF No. 26. As noted above, Davis has not filed any

response, and thus he has not come forward with any evidence to contest defendant USA's summary judgment motion. As explained in the analysis section below, however, because all of Davis's claims for relief under the FTCA can be resolved on a legal ground, the Court does not include a factual chronology inclusive of the records provided by the United States.

### III. SUMMARY JUDGMENT STANDARD

When the record establishes "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law," summary judgment is appropriate. Fed. R. Civ. P. 56(a). "[A dispute] is 'genuine' if it is real and substantial, as opposed to merely formal, pretended, or a sham." *Bazan v. Hidalgo Cnty.*, 246 F.3d 481, 489 (5th Cir. 2001)(citation omitted). A fact is "material" if it "might affect the outcome of the suit under governing law."*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

To demonstrate that a particular fact cannot be genuinely in dispute, a defendant movant must (a) cite to particular parts of materials in the record (e.g., affidavits, depositions, etc.), or (b) show either that (1) the plaintiff cannot produce admissible evidence to support that particular fact, or (2) if the plaintiff has cited any materials in response, show that those materials do not establish the presence of a genuine dispute as to that fact. Fed. R. Civ. P. 56(c)(1). Although the Court is required to consider only the cited materials, it may consider other materials in the record. *See* Fed. R. Civ. P. 56(c)(3). Nevertheless, Rule 56 "does not impose on the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment. . . ." *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915 & n.7 (5th Cir. 1992). Instead, parties should "identify specific evidence in the record, and . . . articulate the 'precise manner' in which that evidence support[s] their claim." *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994) (citing *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992) (other citation omitted)). In evaluating whether summary judgment

is appropriate, the Court "views the evidence in the light most favorable to the nonmovant, drawing all reasonable inferences in the nonmovant's favor." *Sanders-Burns v. City of Plano*, 594 F.3d 366, 380 (5th Cir. 2010) (citation omitted)(internal quotation marks omitted). "After the non-movant [here, Jenkins] has been given the opportunity to raise a genuine factual [dispute], if no reasonable juror could find for the non-movant, summary judgment will be granted." *Byers v. Dallas Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

## IV.  ANALYSIS

### A.  Expert Testimony Required to Support Medical Negligence Claims

Davis alleges negligence claims under the FTCA on the part of BOP medical staff at several BOP institutions. Complaint 3-7, ECF No. 1. He alleges that the failure to provide proper medical treatment for his Crohn's disease and related conditions amounted to a breach of the duty of care that proximately caused him to sustain damages compensable under the FTCA, 28 U.S.C. § 2674. *Id.* at 7.

The FTCA authorizes civil actions for damages against the United States for personal injury caused by the negligence of government employees when private individuals would be liable under the substantive law of the state in which the negligent acts occurred. *See* 28 U.S.C.A. § 1346(b)(1) (West 2019); 28 U.S.C.A. § 2674 (West 2019); *see also Quijano v. United States*, 325 F.3d 654, 567 (5th Cir. 2003). The FTCA essentially borrows from state law in that it allows the United States to be held liable for allegedly tortious conduct "in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). Accordingly, to the extent Davis complains of alleged medical negligence occurring at FMC-Fort Worth in Texas, Texas law applies to Davis's FTCA claims. *See Ayers v. United States*, 750 F.2d 449, 452 n.1 (5th Cir. 1985) ("Under the [FTCA], liability for medical malpractice is controlled by state law.").

Although Davis primarily complains about his medical care at FMC-Fort Worth in Texas, he also complains about "acts or omissions" that occurred in multiple jurisdictions, including at FCI-Beckley (West Virginia), FCI-Elkton (Ohio), FMC-Lexington (Kentucky), and FPC-Terre Haute (Indiana). Complaint 3-6, ECF No. 1. Just as the applicable law in Texas requires expert testimony to prove the essential elements of a medical malpractice claim, so too does the law applicable in these other states. In each of the potentially applicable states, "the general rule is that medical malpractice can only be proven by expert witnesses." *Mitchell v. United States*, No. 5:18-CV-74, 2018 WL 6016984, at *5 (S.D.W. Va. July 30, 2018), *R and R adopted*, 2018 WL 4204345 (S.D.W. Va. Sept. 4, 2018) (citing *Neary v. Charleston Area Med. Ctr.*, 460 S.E.2d 464 (W. Va. 1995) (per curiam)) (West Virgnia). *Accord Rodriguez v. United States*, No. 1:14-CV-2526, 2015 WL 5444804, at *2 (N.D. Ohio Sept. 15, 2015) (Ohio); *Beaver v. United States*, No. 1:15-CV-50, 2016 WL 6680297, at *1 (S.D. Ind. Nov. 14, 2016) (citing *Syfu v. Quinn*, 826 N.E.2d 699, 703 (Ind. Ct. App. 2005)) (Indiana); *Earle v. United States*, No. 6:13-CV-184, 2016 WL 8814363, at *5 (E.D. Ky. Feb. 8, 2016), *R and R adopted*, 2016 WL 1417811 (E.D. Ky. Apr. 11, 2016) (citing *Andrew v. Begley*, 203 S.W.3d 165, 170 (Ky. Ct. App. 2006)) (Kentucky).

In the Fifth Circuit, "'[i]f the laws of the states do not conflict, then no choice-of-law analysis is necessary." *Schnedier Nat'l Transp. V. Ford Motor Co.*, 280 F.3d 532, 536 (5th Cir. 2002) (citations omitted). Texas has the most significant relationship to this case, and the relevant governing law is substantially similar in the other potentially applicable states—meaning there is no true conflict. *See, e.g., Blank v. United States*, No. 4:14-CV-502-O, 2016 WL 8116679, at *4 & n.4 (N.D. Tex. Dec. 2, 2016), *aff'd*, 713 F. App'x 400 (5th Cir. 2018) (applying Texas law to prisoner's medical-malpractice claims without "undertak[ing] a detailed choice-of-law analysis" even though prisoner complained about medical care at BOP facilities in Texas, Oklahoma, and Louisiana because

"there appears to be no relevant difference between the laws of Texas, [Oklahoma], and Louisiana"). Thus, the Court resolves the USA's motion for summary judgment applying Texas law.

In Texas, "health care liability claims are subject to strict pleading and proof requirements." *N. Am. Specialty Ins. Co. v. Royal Surplus Lines Ins. Co.*, 541 F.3d 552, 561 (5th Cir. 2008) (citing Tex. Civ. Prac. & Rem. Code §§ 74.001–507). Particular to the medical negligence context, under Texas law the plaintiff bears the burden of proving four elements: (1) a duty by the physician or hospital to act according to an applicable standard of care; (2) a breach of that standard of care; (3) injury; and (4) a causal connection between the breach of care and the injury. *See Hannah v. United States*, 523 F.3d 597, 601 (5th Cir. 2008) (citing *Quijano*, 325 F.3d at 564-567); *see also Bryan v. Sherick*, 279 S.W. 3d 731, 732-33 (Tex. App.--Amarillo 2007, no pet); and *Denton Reg. Med. Ctr. V. LaCroix*, 947 S.W. 2d 941, 950 (Tex. App.-Fort Worth 1997, no writ). As a threshold issue, a plaintiff must establish the standard of care before the fact finder may consider whether the defendant breached the standard of care or if such a breach constituted negligence. *Hannah*, 523 F.3d at 601; *Denton Reg. Med. Ctr.*, 947 S.W.2d at 950. A Plaintiff must therefore prove how a reasonably careful and prudent physician would have acted under the same or similar circumstances. *See Hood v. Phillips*, 554 S.W. 2d 160, 165-66 (Tex. 1977). Texas law imposes a presumption that the health-care provider has discharged his duty of care. *Thomas v. Beckering*, 391 S.W. 2d 771, 775 (Tex. Civ. App.--Tyler 1965, writ ref'd n.r.e.); *Shevack v. United States*, 528 F. Supp. 427, 431 (N.D. Tex. 1981). A physician is not a guarantor of a cure, and negligence is not imputed from an unsatisfactory outcome. *See Hunter v. Robison*, 488 S.W. 2d 555, 560 (Tex. Civ. App.--Dallas 1978, writ ref'd n.r.e.); *Beckering*, 391 S.W. 2d at 775. Defeating the presumption of proper care requires affirmative proof of negligence and proximate cause. *Williford v. Banowsky*, 563 S.W. 2d 702, 705 (Tex. Civ. App.-- Eastland 1978, writ ref'd n.r.e.).

Expert testimony is required when the alleged negligence is "of such a nature as not to be within the experience of the layman." *FFE Transp. Serv., Inc. V. Fulgham*, 154 S.W.3d 84, 90 (Tex. 2004) (quoting *Roark v. Allen*, 633 S.W.2d 804, 809 (Tex. 1982)) (other citations omitted). Particular to the medical context, expert testimony is required to establish the applicable standard of care "unless the mode or form of treatment is a matter of common knowledge or is within the experience of the layman . . .." *Hannah*, 523 F.3d at 601 (quoting *Hood*, 554 S.W. 2d at 165-66). The Plaintiff must similarly offer expert testimony on the issue of causation. *See Jelinek v. Casas*, 328 S.W. 3d 526, 533 (Tex. 2010) ("[T]he plaintiff must establish two causal nexuses in order to be entitled to recovery: (a) a causal nexus between the defendant's conduct and the event sued upon; and (b) a causal nexus between the event sued upon and the plaintiff's injuries"); *see also Arlington Memorial Hosp. Found., Inc., v. Baird*, 991 S.W. 2d 918, 922 (Tex. App. Fort Worth 1999, pet. denied) (citation omitted). A plaintiff must establish causation beyond the point of conjecture, and proof of mere possibilities does not support submission of the issue to a fact finder. *Jelinek*, 328 S.W. 3d at 537. In this regard, "mere speculation or conjecture is not sufficient to establish [a] causal connection between a defendant's conduct and the plaintiff's injuries." *Martin v. Durden*, 965 S.W.2d 562, 567 (Tex. App.-Houston [14th Dist.] 1997 writ denied) (citation omitted). In sum, an expert must explain, to a reasonable degree of medical probability, how and why the alleged negligence caused the injury based on the facts presented. *Jelinek*, 328 S.W. 3d at 539-40.

In short, subject to the narrow exception for matters of common knowledge, a plaintiff must produce expert testimony to meet his burden of proof on a medical malpractice claim under Texas law. *See Hannah*, 523 F.3d at 601; *see also Prindle v. United States*, No. 4:10-CV-54-A, 2011 WL 1869795, at **l–2 (N.D. Tex. May 13, 2011) (holding that expert testimony is required to establish the standard of care with respect to an FTCA claim that medical personnel were negligent in failing

to diagnose and treat carcinoma).

Here, medical expert testimony is essential because the treatment of Davis's complex GI conditions—including ulcerative colitis, a C-Difficle infection, and Crohn's disease—is not common knowledge or within the experience of a layperson. Without medical-expert testimony, Davis cannot establish any legally significant fault with the medical care he received—meaning Davis cannot overcome the presumption under Texas law that BOP medical staff properly discharged their duties to their patient. *See Patriacca v. Frost*, 98 S.W. 3d 303, 306 (Tex. App.—Houston [1st. Dist.] 2003, no pet.) ("Texas law presumes a physician has properly discharged his duty to a patient."). Davis also cannot establish that any alleged breach proximately caused his injuries. *See Guile*, 422 F.3d at 225.

Indeed, federal courts that have considered the question have held that expert medical testimony is required to prove medical malpractice in treating complex GI conditions such as Crohn's disease. In the *Blank* case, this Court granted summary judgment for the United States because the plaintiff failed to provide expert testimony in support of his claim and "ha[d] not shown—and cannot show—that the medical standard of care and the issues of breach and causation regarding the treatment of [Crohn's disease or other GI conditions] are matters of common knowledge or within the general experience of a lay person." *Blank*, 2016 WL 8116679, at *6. And in *Winkle v. United States*, a federal district court in Ohio also entered judgment against an FTCA plaintiff who had a similarly "long history of inflammatory bowel disease (i.e., Crohn's disease)" because the plaintiff had failed to introduce expert medical testimony on the standard of care. 162 F. Supp. 2d 918, 923, 926 (S.D. Ohio 2001) ("Absent expert medical testimony on the issue, the Court simply has no basis to conclude that . . . Dr. Riedel violated the standard of care that he owed to [the plaintiff]") (footnote omitted)).

**B.    Davis has not Provided Expert Testimony**

Davis has not shown—and cannot show—that the medical standard of care, and the issues

of breach and causation regarding the treatment of the medical conditions detailed in his complaint, are matters of common knowledge or within the general experience of a layperson, so as to excuse the requirement to provide evidence in the form of expert testimony.

The Court's Scheduling Order set October 28, 2019 as the deadline for Plaintiff Davis to designate an expert and provide that expert's report. Scheduling Order, ECF No. 13. As of the date of this order, Davis has neither designated an expert, nor acknowledged his failure to do so by requesting leave to designate experts or providing an explanation to the Court. In fact, after receiving the United States's Motion for Summary Judgment, which addresses his failure to designate an expert, Davis still failed to come forward with any response. Because the proper treatment for Crohn's disease and related intestinal conditions are not matters of common knowledge or within the general experience of a layman, Davis was required to present expert testimony to establish the applicable standard of care and to show how the medical care he received breached that standard. *See Hannah*, 523 F.3d at 523. Davis's medical malpractice claim fails as a matter of law without the support of expert testimony. *Hood*, 554 S.W. 2d at 165-66. Therefore, summary judgment must be granted in favor of the Unite States.

## ORDER

For the reasons discussed herein, it is therefore **ORDERED** that the USA's motion for summary judgment (ECF No. 25) is **GRANTED**, such that all plaintiff Kevin Davis's claims against the United States of America are **DISMISSED WITH PREJUDICE.**

**SO ORDERED** on this **14th day** of **April, 2020**.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**